UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNSEALED PER ORDER

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

AUG 0 1 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. |
| ALLEN MOORE JR. aka BOOM, WALTER KEITRIC FREEMAN CHAD ERIC HAYWOOD HENDRICK DWAYNE LYNN, and CORINTHIANS LACHELL PHILLIPS | § § § § § § | UNDER SEAL<br><br>H 12 - 479 |

### INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

1. At all times material to this Indictment, Loomis Armored US Inc., maintains offices throughout the United States and was engaged in the business of secured armored transport of United States currency in interstate commerce and in picking up and delivering United States currency to financial institutions and check cashing businesses, both of which are industries which affect interstate commerce.

### COUNT ONE
(Conspiracy to Interfere with Commerce by Robbery)

2. From on or about August 7, 2009, through on or about November 21, 2009, in the Houston Division of the Southern District of Texas, the defendants,

ALLEN MOORE JR.
aka BOOM,
WALTER KEITRIC FREEMAN,
CHAD ERIC HAYWOOD,
HENDRICK DWAYNE LYNN, and
CORINTHIANS LACHELL PHILLIPS

did knowingly and intentionally combine, conspire, confederate, and agree with each other, to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully combine, conspire, confederate, and agree with each other, to unlawfully take and obtain property, namely, United States currency, which was in the possession and custody of an employee of Loomis Armored US Inc., by means of actual and threatened force, violence, and fear of injury to said individual or individuals; in violation of Title 18, United States Code, Section 1951(a).

## MANNER AND MEANS

The unlawful conspiracy was accomplished in the following manner and means:

1. It was part of the conspiracy that **HENDRICK DWAYNE LYNN, ALLEN MOORE JR. aka BOOM, WALTER KEITRIC FREEMAN, CHAD ERIC HAYWOOD,** and **CORINTHIANS LACHELL PHILLIPS** discussed plans to rob a Loomis armored car.

2. It was further part of the conspiracy that a pistol owned by **CORINTHIANS LACHELL PHILLIPS** was used in furtherance of two Loomis armored car robberies, and a pistol owned by **HENDRICK DWAYNE LYNN** was used in one Loomis armored car robbery.

3. It was further part of the conspiracy that **ALLEN MOORE JR. aka BOOM, WALTER KEITRIC FREEMAN,** and **CHAD ERIC HAYWOOD** would approach the Loomis armored car while carrying firearms.

4. It was further part of the conspiracy that **HENDRICK DWAYNE LYNN** would be the getaway driver.

5. It was further part of the conspiracy that **CORINTHIANS LACHELL PHILLIPS** would drive a second switch vehicle.

6. It was further part of the conspiracy that **HENDRICK DWAYNE LYNN, ALLEN MOORE JR. aka BOOM, WALTER KEITRIC FREEMAN, CHAD ERIC HAYWOOD** and **CORINTHIANS LACHELL PHILLIPS** would divide the stolen money evenly among themselves.

## OVERT ACTS

In furtherance of this conspiracy, and in order to effect and accomplish its objectives, one or more of the defendants committed the following overt acts in the Southern District of Texas:

1. On or about August 7, 2009, **HENDRICK DWAYNE LYNN** drove **ALLEN MOORE JR. aka BOOM** and **CHAD ERIC HAYWOOD** in a vehicle owned by **CHAD ERIC HAYWOOD** to Bank of America, 3704 Old Spanish Trail, Houston, Texas.

2. On or about August 7, 2009, **ALLEN MOORE JR. aka BOOM** and **CHAD ERIC HAYWOOD** approached the Loomis armored car guard while armed with a Glock .40 caliber pistol and a Glock .357 caliber pistol.

3. On or about August 7, 2009, **ALLEN MOORE JR. aka BOOM** and **CHAD ERIC HAYWOOD** fired their pistols at the Loomis armored car guard.

4. On or about August 7, 2009, **HENDRICK DWAYNE LYNN** drove **ALLEN MOORE JR. aka BOOM** and **CHAD ERIC HAYWOOD** in a vehicle owned by **CHAD ERIC HAYWOOD** away from Bank of America, 3704 Old Spanish Trail, Houston, Texas.

5. On or about November 21, 2009, **HENDRICK DWAYNE LYNN** drove **WALTER KEITRIC FREEMAN** and **CHAD ERIC HAYWOOD** in a vehicle owned by **CHAD ERIC HAYWOOD** to Senor Check Cashing Store #2, 5950 S. Gessner, Houston, Texas.

6. On or about November 21, 2009, **WALTER KEITRIC FREEMAN** and **CHAD ERIC HAYWOOD** approached the Loomis armored car guard while armed with a Glock .357 caliber pistol and a rifle.

7. On or about November 21, 2009, **WALTER KEITRIC FREEMAN** fired his pistol at the Loomis armored car guard.

8. On or about November 21, 2009, **WALTER KEITRIC FREEMAN** and **CHAD ERIC HAYWOOD** obtained approximately $200,000.00 in United States currency from the Loomis armored car.

9. On or about November 21, 2009, **CORINTHIANS LACHELL PHILLIPS** drove a second car to a location near 5950 S. Gessner. After the robbery she switched vehicles and drove **CHAD ERIC HAYWOOD's** car and **CHAD ERIC HAYWOOD, WALTER KEITRIC FREEMAN** and **HENDRICK DWAYNE LYNN** rode in the car which had been previously driven by **CORINTHIANS LACHELL PHILLIPS**.

10. On or about November 21, 2009, **HENDRICK DWAYNE LYNN, WALTER KEITRIC FREEMAN, CHAD ERIC HAYWOOD** and **CORINTHIANS LACHELL PHILLIPS** evenly divided the money stolen from the Loomis armored car.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
### (Interference with Commerce by Robbery)

On or about August 7, 2009, in the Houston Division of the Southern District of Texas, the defendants,

**ALLEN MOORE JR.
aka BOOM,
CHAD ERIC HAYWOOD, and
HENDRICK DWAYNE LYNN**

did knowingly attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully attempt to take and obtain property, namely, United States currency, which was in the possession and custody of an employee of Loomis Armored US Inc., by means of actual and threatened force, violence, and fear of injury to said individual or individuals; in violation of Title 18, United States Code, Section 1951(a).

## COUNT THREE
### (Discharging a Firearm During a Crime of Violence)

On or about August 7, 2009, in the Southern District of Texas,

**ALLEN MOORE JR. aka BOOM and
CHAD ERIC HAYWOOD**

defendants herein, did knowingly use and carry a firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, as set forth in Counts One and Two of this indictment, in violation of Title 18, United States Code, Section 1951(a), and in committing the violation, the defendants did discharge said firearms.

In violation of Title 18, United States Code, section 924(c)(1)(A)(iii).

## COUNT FOUR
### (Interference with Commerce by Robbery)

On or about November 21, 2009, in the Houston Division of the Southern District of Texas, the defendants,

**CHAD ERIC HAYWOOD,
WALTER KEITRIC FREEMAN,
HENDRICK DWAYNE LYNN, and
CORINTHIANS LACHELL PHILLIPS**

did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully take and obtain property, namely, United States currency, which was in the possession and custody of an employee of Loomis Armored US Inc., by means of actual and threatened force, violence, and fear of injury to said individual or individuals; in violation of Title 18, United States Code, Section 1951(a).

## COUNT FIVE
### (Discharging a Firearm During a Crime of Violence)

On or about November 21, 2009, in the Southern District of Texas,

**WALTER KEITRIC FREEMAN**

defendant herein, did knowingly use and carry a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, as set forth in Counts One and Four of this indictment, in violation of Title 18, United States Code, Section 1951(a), and in committing the violation, the defendant did discharge said firearm.

In violation of Title 18, United States Code, section 924(c)(1)(A)(iii).

## COUNT SIX
### (Brandishing a Firearm During a Crime of Violence)

On or about November 21, 2009, in the Southern District of Texas,

**CHAD ERIC HAYWOOD**

defendant herein, did knowingly use and carry a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, as set forth in Counts One and Four of this indictment, in violation of Title 18, United States Code, Section 1951(a), and in committing the violation, the defendant did brandish said firearm.

In violation of Title 18, United States Code, section 924(c)(1)(A)(ii).

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), the United States of America gives notice that upon conviction of Conspiracy to Interfere with Commerce by Robbery, as charged in Count Three, the United States intends to forfeit all property which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1951(a), including, but not limited to: $200,000.00 in U.S. currency.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that upon conviction of Discharging of a Firearm During a Crime of Violence, as charged in Counts Two, Four and Five, all firearms and ammunition involved in or used in a violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) are subject to forfeiture, including but not limited :

Glock GMBH, model 23, .40 caliber pistol, and

Glock GMBH, model 33, .357 caliber pistol.

## SUBSTITUTE PROPERTY

In the event that any of the property subject to forfeiture as a result of any act or omission of a defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been placed beyond the jurisdiction of the Court;

    c. has been transferred or sold to, or deposited with a third party;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: JENNIE L. BASILE
Assistant United States Attorney